11-5346-cv
Greaves v. Eli Lilly & Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand twelve.

PRESENT:   BARRINGTON D. PARKER,
                    REENA RAGGI,
                    GERARD E. LYNCH,
                         *Circuit Judges*.

----------------------------------------------------------------------

FREDERICK GREAVES,
            *Plaintiff-Appellant*,

            v.                                                              No. 11-5346-cv

ELI LILLY AND COMPANY,
            *Defendant-Appellee*.

----------------------------------------------------------------------

FOR APPELLANT:                    Frederick Greaves, *pro se*, West Warwick, Rhode Island.

FOR APPELLEE:                      Nina M. Gussack, Adam B. Michaels, Pepper Hamilton LLP, Philadelphia, Pennsylvania, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 15, 2011, is AFFIRMED.

Plaintiff Frederick Greaves, proceeding pro se, appeals from the district court's award of summary judgment in favor of Eli Lilly and Company ("Eli Lilly") in this products liability action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment de novo, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). In determining whether genuine issues of material fact exist, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

"When the burden of proof at trial would fall on the nonmoving party," summary judgment is ordinarily warranted if the movant "point[s] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). "In that event, the nonmoving party must come forward with admissible

2

evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Id.

Here, for substantially the same reasons as those stated in the district court's decision, we conclude that the Rhode Island Supreme Court would likely adopt the learned intermediary doctrine if faced with the question of whether to do so under circumstances similar to these.[1]  Cf. Hodges v. Brannon, 707 A.2d 1225, 1227–28 (R.I. 1998) (implicitly recognizing that duty to warn runs from drug manufacturer to doctor).  Under that doctrine, Greaves cannot establish that Eli Lilly's alleged failure to warn proximately caused any injuries resulting from Zyprexa prescribed by Dr. Liliya Koyfman and thereafter by Dr. Richard Whalen.

Dr. Whalen's awareness that a risk of diabetes was associated with Zyprexa is undisputed.  As to Dr. Koyfman, Greaves adduced no evidence showing that she was unaware of the same risk.  The fact that Dr. Koyfman warned Greaves of weight gain but not diabetes cannot support a reasonable inference of the doctor's own ignorance of the relationship between weight gain and diabetes.  As a licensed physician, Koyfman was

---

[1]We recognize the intuition behind Greaves's argument that we should not apply the learned intermediary doctrine unless and until Rhode Island adopts it. See Appellant's Reply Br. 2 ("Just because it's cloudy, doesn't mean it's going to rain.").  But where a state's law is unsettled, it is the job of a federal court sitting in diversity, when possible, to "carefully predict how the state's highest court would resolve the uncertainties that we have identified." Runner v. N.Y. Stock Exch., Inc., 568 F.3d 383, 386 (2d Cir. 2009) (quoting Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 329 (2d Cir. 2005)).

presumably aware of that relationship. Further, Greaves elected not to depose Dr. Koyfman, which precludes him from relying on speculation as to her knowledge. In sum, because Greaves would have the burden of establishing proximate cause at trial, the absence of any record evidence that Dr. Koyfman was unaware of the risk of diabetes associated with Zyprexa warrants granting summary judgment in favor of Eli Lilly under the learned intermediary doctrine.

Finally, to the extent Greaves objects to his physicians' alleged failure to inform him of the risk of diabetes, this objection is not relevant to his claims against Eli Lilly.

We have considered Greaves's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court